# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 98-41063
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL MIRANDA,

Defendant-Appellant.

--------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-379-5

June 8, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Rafael Miranda appeals his jury conviction for conspiracy to possess with intent to distribute marijuana. He argues that the evidence was insufficient to support his conspiracy conviction. When a defendant fails to renew his motion for a judgment of acquittal at the close of all the evidence, review is limited to plain error. United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994). Miranda has not shown that "the record is devoid of evidence pointing to guilt, or . . . [that] the evidence on a key element of the offense was so tenuous that a conviction would be shocking.'" United States v. Parker, 133 F.3d 322, 328 (5th Cir. 1998)(quoting United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miranda also argues that the district court erred in determining that he was a leader or organizer under § 3B1.1(a) of the United States Sentencing Guidelines. The evidence presented at the trial and the facts in the PSR indicate that Miranda participated in every phase of the conspiracy: he negotiated the agreement to transport the marijuana from McAllen to Tampa; he was present when the marijuana was delivered to the confidential informants for transportation at the K-Mart parking lot; the marijuana was delivered in a van registered to Miranda; he drove to the stash house after the delivery in the K-Mart parking lot; and he was present at the controlled delivery in Tampa and handed a bag contained $44,980 to the confidential informant. The conspiracy involved five or more participants, including Miranda, Claudia Hernandez, Antonio Hernandez, Gonzalez-Rios, Israel Gomez, and Israel Rivera. Therefore, Miranda has not shown that the district court erred determining that he was a leader or organizer in the offense. See United States v. Ismoila, 100 F.3d 380, 395 (5th Cir. 1996).

AFFIRMED.